

PACHULSKI

STANG

ZIEHL

JONES

L A W   O F F I C E S
LIMITED LIABILITY PARTNERSHIP

LOS ANGELES, CA
SAN FRANCISCO, CA
WILMINGTON, DE
NEW YORK, NY

10100 SANTA MONICA BLVD.
13th FLOOR
LOS ANGELES
CALIFORNIA 90067

**TELEPHONE: 310/277 6910**

FACSIMILE: 310/201 0760

Jeffrey P. Nolan                    October 9, 2020                    jnolan@pszjlaw.com

The Honorable Alan S. Trust
United States Bankruptcy Court
Eastern District of New York
Alfonse M. D'Amato Federal Courthouse
290 Federal Plaza
Central Islip, New York 11722

   Re: **In re: Orion HealthCorp, Inc., et al.**
     **Howard M. Ehrenberg V. Howard M. Schoor**
     **Adv. Proc. No. 20-08042-AST**

Dear Judge Trust:

   Pursuant to 7056-1(a), Howard Ehrenberg, as the duly appointed
Trustee, and Plaintiff in the above referenced adversary, moves the court
for a pre-motion conference as part of his request to file a motion for
summary judgment. Given the moderate amount at issue, the lack of any
informal progress and the clear fact pattern, the Trustee desires to resolve
the matter without further delay and costs. Plaintiff's position is as
follows:

   It is undisputed that the Debtor transferred to Defendant, Howard
Schoor, $100,000.00 on January 5, 2017 and $60,000 on January 6, 2017
(the "Transfer"). Defendant admits receiving the sum. (Answer to
Complaint, §17, §19; Dkt no. 5) The Transfer was made on account of a
personal loan in 2009 between Defendant and Paul Parmar. The facts
demonstrate the loan was purely a personal one based on their friendship
and not a business loan. (See email dated August 16, 2010, attached
hereto as Exhibit A). Following the Transfer in 2017 Parmar, Ravi
Chivukula and Sam Zaharis went back and attempted to cover their
tracks by falsifying records and back-dating documents to justify the
Transfer as vendor related.

   Plaintiff alleges causes of action for intentional and constructive
fraudulent conveyance under state and federal law. DCL Section 276
provides that "[e]very conveyance made and every obligation incurred
with actual intent, as distinguished from intent presumed in law, to
hinder, delay, or defraud either present or future creditors, is fraudulent
as to both present and future creditors." N.Y. DEBT. & CRED. LAW §

SAN FRANCISCO

150 CALIFORNIA STREET
15th FLOOR
SAN FRANCISCO
CALIFORNIA 94111-4500

**TELEPHONE: 415/263 7000**

FACSIMILE: 415/263 7010

DELAWARE

919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

**TELEPHONE: 302/652 4100**

FACSIMILE: 302/652 4400

NEW YORK

780 THIRD AVENUE
36th FLOOR
NEW YORK
NEW YORK 10017-2024

**TELEPHONE: 212/561 7700**

FACSIMILE: 212/561 7777



PACHULSKI

STANG

ZIEHL

JONES

LAW OFFICES

The Honorable Alan S. Trust
October 9, 2020
Page 2

276.; *Mendelsohn v. Jacobowitz (In re Jacobs)*, 394 B.R. 646, 658 (Bankr. E.D.N.Y. 2008) [I]t is well accepted that intent to hinder or delay creditors is sufficient, and intent to defraud need not be proven." Id citing to *In re MarketXT. Holdings Corp.*, 376 B.R. 390 at 403 (citing *Shapiro v. Wilgus*, 287 U.S. 348, 354, 53 S. Ct. 142, 77 L. Ed. 355 (1932)).  Here, the facts justify a finding of actual fraud under 11 USC 548(a)(1)(A).  The personal nature of the loan, falsifying of records by management, and surrounding circumstances all demonstrate the intent to defraud creditors of the Debtor.  Further, a constructively fraudulent transfer is one in which the debtor, voluntarily or involuntarily, conveyed to a creditor or other person property for which the debtor received less than "reasonably equivalent value…"  No intent of wrongdoing is required.  William L. Norton, III and Roger G. Jones, Norton Creditors Possessive Rights Handbook, § 11:6, (November 2003). Transfers made to benefit third parties are not made for "fair" consideration under the bankruptcy code.  *Christian & Porter Aluminum Co.*, 584 F.2d 326, 337 (9th Cir. 1978) (a general assignment of a debtor's property must be considered fraudulent if not made solely for the benefit of creditors).  The Debtor missed payroll in 2017 to pay the Defendant on Parmar's personal obligation.  While Defendant suggests in the Answer "some business reason" for making the loan 4 years prior to the Debtor's existence, the underlying documents contradict the claim.

On May 1, 2020, Plaintiff served written discovery (Interrogatories, Request for Admissions and Request for Production of Documents) on Defendant Schoor. To date, there has been no documentation produced to support a different fact pattern.

Very truly yours,

Jeffrey P. Nolan

JPN:rlm

cc:  Donald F. Campbell, Jr, Esq. (Via ECF)
      (Counsel for Defendant,  Howard M. Schoor)

# EXHIBIT A

**HOWARD M. SCHOOR**
**655 PARK AVENUE, SUITE 2**
**FREEHOLD, NJ 07728**
**(732) 303-0040**

August 31, 2009

Via E-Mail and U. S. Mail

Mr. Paul Parmar                          Mr. Paul Parmar
19 Colts Galt Lane                       Blue Star Funding, LLC
Colts Neck, NJ 07722                     100 Matawan Road
                                         Matawan, NJ 07747

Re:    $600,000 Loan

Dear Paul:

On June 8, 2009, you signed a PROMISSORY NOTE to pay in full the amount of $600,000 plus interest due on or before October 8, 2009.

As you know, October 8, 2009 was the outside date for repayment. You clearly indicated your need was for a few weeks of payroll while you resolved an IRS lien placed on multiple accounts and freed up other assets. Your request and my reply was based on "our friendship" and not a business deal. As I discussed with you, I need this repayment now to meet other obligations and commitments.

Please take all steps necessary to arrange and complete a wire transfer of $600,000 no later than the close of business on September 4, 2009 to:

        Chase Bank
        302 West Main Street
        Freehold, NJ 07728
        (732) 294-1071
        Routing Number: 021000021
        Account Number: 806447645
        Customer's Name: Howard M. Schoor

Friendship comes with unique moral obligations; it requires stepping up and honoring your word and the trust upon which I relied.

Very truly yours,

Howard M. Schoor

C:    Joel Koeppel, Esq.