UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ORION HEALTHCORP, INC[1]. | : | Case No. 18-71748 (AST) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| HOWARD M. EHRENBERG IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL., | : | Adv. Pro. No. 20-08042 (AST) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| HOWARD M. SCHOOR, | : | |
| | : | |
| Defendants. | : | |

**JOINT STATEMENT OF UNCONTROVERTED FACTS**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC (7168). The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 303, Middletown, NJ 07748.

|     | **Statement of Fact** | **Evidentiary Support** |
| --- | --- | --- |
| 1.  | Howard Schoor ("Schoor") was a neighbor and a friend of Paul Parmar ("Parmar") from 2001 to approximately 2006 | Stipulated fact. |
| 2.  | On June 8, 2009, Schoor loaned $600,000.00 to Parmar (the "Loan") as memorialized in a promissory note. | Stipulated fact. |
| 3.  | According to the Promissory Note, Parmar owed principal and interest due on or before October 8, 2009, at which time the entire outstanding principle balance and all accrued interest were due and payable in full. | Stipulated fact. |
| 4.  | Schoor did not ask Parmar for details as to how he was going to use the Loan funds. | Stipulated fact. |
| 5.  | The wire instructions provided by Parmar were to credit the funds to a Merrill Lynch account and Funky Buddha Media, LLC. | Stipulated fact. |
| 6.  | On June 14, 2009, Parmar as the manager and majority member of Pegasus Blue Star Fund, LLC ("Pegasus") which is the alleged manager and majority member of MDTABLET, LLC, pledged, certain membership units owned by Pegasus in MD TABLET, LLC in favor of Schoor.(the "Agreement") | Stipulated fact. |

| Statement of Fact | | Evidentiary Support |
|---|---|---|
| 7. | On August 31, 2009, Schoor sent a letter to Parmar advising that October 8, 2009 was the outside date for repayment and "you clearly indicated your need was for a few weeks of payroll while you resolved an IRS lien placed on multiple accounts and freed up other assets.  Your request and my reply was based on "our friendship" and not a business deal." | Stipulated fact. |
| 8. | On November 2, 2009, Schoor's attorney sent a letter to Parmar c/o Pegasus Blue Star that the Loan was in default. | Stipulated fact. |
| 9. | On August 16, 2010, Schoor sent an e-mail to Parmar stating, in part, "I would greatly appreciate payment on the balance of your personal loan.  Again, I repeat that this loan was done on the basis of our "friendship" not as a business investment.  I can certainly understand losses related to business endeavors where one invests dollars with anticipation of profits.  We both know that this is not the instant case and you have an obligation to make good on your commitment which is long overdue." | Stipulated fact. |
| 10. | On April 7, 2011, Parmar advised Schoor that he placed a UCC lien in favor of Schoor in the amount of $160,000 on all his assets, companies, houses and cars. | Stipulated fact. |
| 11. | On or about April 17, 2012, Parmar asked Schoor to release the lien against assets of Pegasus Blue Star Fund and MD Tablet. | Stipulated fact. |
| 12. | Notwithstanding the release of the lien by Schoor, Parmar did not pay Schoor the remaining balance due by June 22, 2012. | Stipulated fact. |

| | **Statement of Fact** | **Evidentiary Support** |
|---|---|---|
| 13. | Schoor and Parmar were scheduled to meet for drinks at Parmar's house on December 21, 2016. | Stipulated fact. |
| 14. | On January 4, 2017, Parmar issued an mail to Zaharis directing that the Loan be paid with monies from the Debtor. | Stipulated fact. |
| 15. | On January 5, 2017, $100,000 was transferred to Defendant Howard Schoor out of one of the Debtor's bank accounts. | Stipulated fact. |
| 16. | On January 6, 2017, $60,000 was transferred to Defendant Howard Schoor out of one of the Debtor's bank accounts. | Stipulated fact. |
| 17. | Defendant admits receiving the $100,000 and $60,000 payments. | Stipulated fact. |

| | **Statement of Fact** | **Evidentiary Support** |
|---|---|---|
| 18. | The Consulting Agreement dated August 1, 2016 between Constellation Healthcare Technologies, Inc., and Schoor as a consultant was never signed by Defendant nor did he authorize anyone to sign the agreement on his behalf. | Stipulated fact. |
| 19. | Defendant was never was a vendor of the Debtor nor did he perform any duties as a consultant for the Debtor, Parmar, or any Parmar related business entity. | Stipulated fact. |

| 20. | On February 5, 2020, Schoor e-mailed Parmar regarding the Trustee's December 9, 2019 demand letter and requested Parmar to "review and advise of your thoughts about my/our defense." | Stipulated fact. |
|---|---|---|
| 21. | On February 5, 2020, Schoor asked Parmar to provide any details as to what companies and what operations he used the Loan proceeds. | Stipulated fact. |
| 22. | Parmar did not respond to Defendant. | Stipulated fact. |

Dated:  January 19, 2021                    PACHULSKI STANG ZIEHL & JONES LLP

By:  */s/ Jeffrey P. Nolan*
Ilan D. Scharf, Esq.
Jeffrey P. Nolan, Esq. (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone:  (212) 561-7700
Facsimile:   (212) 561-7777

Counsel for the Plaintiff,
Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., *et al*.