# GIORDANO, HALLERAN & CIESLA, P.C.
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
WWW.GHCLAW.COM

**DONALD F. CAMPBELL, JR., ESQ.**
SHAREHOLDER
DCAMPBELL@GHCLAW.COM
DIRECT DIAL: (732) 219-5494

*Please Reply To:*
125 HALF MILE ROAD
SUITE 300
RED BANK, NJ 07701
(732) 741-3900
FAX: (732) 224-6599

January 21, 2021

Client/Matter No. 03657-69

**Via CM/ECF**
The Honorable Alan S. Trust
United States Bankruptcy Court
Eastern District of New York
Alfonse M. D'Amato Federal Courthouse
290 Federal Plaza
Central Islip, New York 11722

    Re:    Orion Healthcorp, Inc.
            Case No.: 8-18-71748-ast
            Howard M. Ehrenberg v. Howard M. Schoor
            Adversary Proceeding No. 8-20-08042-ast

Your Honor:

    This office represents Defendant Howard M. Schoor in the above-referenced adversary proceeding. Jeffrey P. Nolan of Pachulski Stang Ziehl & Jones LLP represents Plaintiff Howard M. Ehrenberg in his capacity as the Liquidating Trustee of Orion Healthcorp, Inc.

    This letter is in regard to the parties proposed Case Management and Discovery Plan (the "Discovery Plan," ECF No. 21). Upon review of the Discovery Plan, Defendant believes clarification is necessary in regard to paragraph 4(b) of the Expert Discovery Section. Specifically, this paragraph states:

> No later than February 1, 2021: (i) the party bearing the burden of proof on any issue *(including the issue of solvency, to the extent the Defendant intends to challenge the statutory presumption of insolvency)* shall make all disclosures required under Fed. R. Civ. P. 26 (a)(2). . . (emphasis added).

    Defendant submits that there is no presumption of the Debtor's insolvency in relation to the Plaintiff's fraudulent transfer claims as stated in Counts I and II of the Complaint. Plaintiff asserts these claims pursuant to Bankruptcy Code § 548 and NY Debt & Cred L §§ 273-276. Neither of these statutes contains a presumption of insolvency. *See Joslin v. Lopez*, 309 A.D.2d

GIORDANO, HALLERAN & CIESLA
    A Professional Corporation
    ATTORNEYS-AT-LAW

January 21, 2021
Page 2

837, 838 (App. Div. 2nd Dept. 2003) (the burden of proving both insolvency and lack of fair consideration, as prerequisites to a finding of constructive fraud under N.Y. Debt. & Cred. Law § 273, is upon the party challenging the conveyance); *Dershaw v. Ciardi (In re Rite Way Electric, Inc.)*, 510 B.R. 471, 482 (Bankr. E.D. Penn. 2014) (unlike an avoidance action under Section 547, there is no presumption of insolvency of the debtor on and during the 90 days immediately preceding the filing of the petition for purposes of Section 548 fraudulent transfers).[1]

    Accordingly, Defendant respectfully requests that the Court not enter the proposed Discovery Plan without removing the presumption of insolvency language contained in paragraph 4(b).

    Additionally, Defendant respectfully requests a two week extension of the current fact discovery deadline to February 3, 2021. We request this extension because Bank of America has contacted my office and requested an additional two weeks to respond to the Defendant's subpoena. Bank of America's responses were originally due to the Defendant on January 20, 2021.

    As always the courtesies of the Court are greatly appreciated.

Respectfully submitted,

DONALD F. CAMPBELL, JR., ESQ.

cc: Jeffrey P. Nolan (jnolan@pszjlaw.com)

---

[1] Additionally, Defendant submits that Plaintiff's fraudulent transfer claims should not have been brought under New York's fraudulent transfer statute because the relationship between the Debtor and the Defendant, which gave rise to the transfers in question, was centered in New Jersey, not New York. Accordingly, Plaintiff's state law based fraudulent transfer claims should have been asserted under New Jersey's version of the Uniform Fraudulent Transfer Act. *See* N.J. Stat. §§ 25:2-25, 25:2-27.

GIORDANO, HALLERAN & CIESLA
A Professional Corporation
ATTORNEYS-AT-LAW

January 21, 2021
Page 3

DFC/JSB

Docs #4836605-v1