UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| In re: | Chapter 11 |
| ORION HEALTHCORP, INC[1]. | Case No. 18-71748 (AST) |
| Debtors. | (Jointly Administered) |
| HOWARD M. EHRENBERG IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL., | Adv. Pro. No. 20-08042 (AST) |
| Plaintiff, | |
| v. | |
| HOWARD M. SCHOOR, | |
| Defendants. | |

**JOINT STATEMENT OF UNCONTROVERTED FACTS; PLAINTIFF'S STATEMENT OF ADDITIONAL UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, SUMMARY ADJUDICATION**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC (7168). The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 303, Middletown, NJ 07748.

DOCS_LA:334268.8 65004/003

COMES NOW, Plaintiff, Howard M. Ehrenberg, In His Capacity as Liquidating Trustee Of Orion Healthcorp, Inc., et al, and submits the Joint Statement of Uncontroverted Facts, previously stipulated to by the parties and submitted to this Honorable Court on January 19, 2021, [Docket No. 22], and as stated below by JSOF #1-22; and Plaintiff's Statement of Additional Uncontroverted Facts, as stated below by ASOF #23-33.

| **Statement of Fact** | | **Evidentiary Support** |
|---|---|---|
| 1. | Howard Schoor ("Schoor") was a neighbor and a friend of Paul Parmar ("Parmar") from 2001 to approximately 2006 | Stipulated Fact. See Dkt. No 22. |
| 2. | On June 8, 2009, Schoor loaned $600,000.00 to Parmar (the "Loan") as memorialized in a promissory note. | Stipulated Fact. See Dkt. No 22. |
| 3. | According to the Promissory Note, Parmar owed principal and interest due on or before October 8, 2009, at which time the entire outstanding principle balance and all accrued interest were due and payable in full. | Stipulated Fact. See Dkt. No 22. |
| 4. | Schoor did not ask Parmar for details as to how he was going to use the Loan funds. | Stipulated Fact. See Dkt. No 22. |
| 5. | The wire instructions provided by Parmar were to credit the funds to a Merrill Lynch account and Funky Buddha Media, LLC. | Stipulated Fact. See Dkt. No 22. |
| 6. | On June 14, 2009, Parmar as the manager and majority member of Pegasus Blue Star Fund, LLC ("Pegasus") which is the alleged manager and majority member of MDTABLET, LLC, pledged, certain membership units owned by Pegasus in MD TABLET, LLC in favor of Schoor.(the "Agreement") | Stipulated Fact. See Dkt. No 22. |

| Statement of Fact | | Evidentiary Support |
|---|---|---|
| 7. | On August 31, 2009, Schoor sent a letter to Parmar advising that October 8, 2009 was the outside date for repayment and "you clearly indicated your need was for a few weeks of payroll while you resolved an IRS lien placed on multiple accounts and freed up other assets. Your request and my reply was based on "our friendship" and not a business deal." | Stipulated Fact. See Dkt. No 22. |
| 8. | On November 2, 2009, Schoor's attorney sent a letter to Parmar c/o Pegasus Blue Star that the Loan was in default. | Stipulated Fact. See Dkt. No 22. |
| 9. | On August 16, 2010, Schoor sent an e-mail to Parmar stating, in part, "I would greatly appreciate payment on the balance of your personal loan. Again, I repeat that this loan was done on the basis of our "friendship" not as a business investment. I can certainly understand losses related to business endeavors where one invests dollars with anticipation of profits. We both know that this is not the instant case and you have an obligation to make good on your commitment which is long overdue." | Stipulated Fact. See Dkt. No 22. |
| 10. | On April 7, 2011, Parmar advised Schoor that he placed a UCC lien in favor of Schoor in the amount of $160,000 on all his assets, companies, houses and cars. | Stipulated Fact. See Dkt. No 22. |
| 11. | On or about April 17, 2012, Parmar asked Schoor to release the lien against assets of Pegasus Blue Star Fund and MD Tablet. | Stipulated Fact. See Dkt. No 22. |
| 12. | Notwithstanding the release of the lien by Schoor, Parmar did not pay Schoor the remaining balance due by June 22, 2012. | Stipulated Fact. See Dkt. No 22. |

| | Statement of Fact | Evidentiary Support |
|---|---|---|
| 13. | Schoor and Parmar were scheduled to meet for drinks at Parmar's house on December 21, 2016. | Stipulated Fact. See Dkt. No 22. |
| 14. | On January 4, 2017, Parmar issued an mail to Zaharis directing that the Loan be paid with monies from the Debtor. | Stipulated Fact. See Dkt. No 22. |
| 15. | On January 5, 2017, $100,000 was transferred to Defendant Howard Schoor out of one of the Debtor's bank accounts | Stipulated Fact. See Dkt. No 22. |
| 16. | On January 6, 2017, $60,000 was transferred to Defendant Howard Schoor out of one of the Debtor's bank accounts. | Stipulated Fact. See Dkt. No 22. |
| 17. | Defendant admits receiving the $100,000 and $60,000 payments. | Stipulated Fact. See Dkt. No 22. |
| 18. | The Consulting Agreement dated August 1, 2016 between Constellation Healthcare Technologies, Inc., and Schoor as a consultant was never signed by Defendant nor did he authorize anyone to sign the agreement on his behalf. | Stipulated Fact. See Dkt. No 22. |
| 19. | Defendant was never was a vendor of the Debtor nor did he perform any duties as a consultant for the Debtor, Parmar, or any Parmar related business entity. | Stipulated Fact. See Dkt. No 22. |
| 20. | On February 5, 2020, Schoor e-mailed Parmar regarding the Trustee's December 9, 2019 demand letter and requested Parmar to "review and advise of your thoughts about my/our defense." | Stipulated Fact. See Dkt. No 22. |
| 21. | On February 5, 2020, Schoor asked Parmar to provide any details as to what companies and what operations he used the Loan proceeds. | Stipulated Fact. See Dkt. No 22. |

| | **Statement of Fact** | **Evidentiary Support** |
|---|---|---|
| 22. | Parmar did not respond to Defendant. | Stipulated Fact. See Dkt. No 22. |

## PLAINTIFF'S ADDITIONAL STATEMENT OF FACTS

| | **Statement of Fact** | **Evidentiary Support** |
|---|---|---|
| 23. | On September 29, 2010, an Order Entering Final Judgment By Default, and on November 23, 2010, Writ of Execution Against Goods and Chattels was issued against Parmar in favor of Red Line Air, LLC in the amount of $16,719,529.58., attaching all personal property of Parmar including all personal property located at his residence located at 19 Colts Gait Lane, Colts Neck, NJ. | See Request For Judicial Notice, Exhibit A, Ehren-Schoor 000501-506, as filed concurrently herewith. |
| 24. | Defendant was aware of Parmar's distressed financial predicament as he was a named defendant in the extended legal proceedings. | See Request For Judicial Notice, Exhibit A, Ehren-Schoor 000567, 000576, 000641-642, filed concurrently herewith |
| 25. | Parmar was the Chief Executive Officer of the Debtor, Constellation Healthcare Technologies, Inc., a consolidated enterprise which operated in the healthcare sector primarily in revenue and practice management for physician practices. | See Affidavit of Edith Wong, ¶4. |
| 26. | The Debtor Orion maintained an operating account at JP Morgan Chase from which account the wire Transfer of $160,000 was made to Defendant | See, CHT bank statement attached to the Affidavit of Edith Wong, Exhibit 1. |
| 27. | The Debtor had insufficient funds to pay $160,000 to Defendant unless they short paid a vendor. | See email dated January 4, 2017, attached to the Affidavit of Edith Wong, Exhibit 2. |
| 28. | On January 5, 2017, $100,000 was available and transferred to Defendant and $60,000 was delayed and transferred to Defendant the following day when funds became | See email dated January 6, 2017, attached to the Affidavit of Edith Wong, Exhibits 3, 4. |

| Statement of Fact | Evidentiary Support |
|---|---|
| | available. | |
| 29. | On April 17, 2017, the accounting manager at the Debtor questioned the basis for various payments including the Transfer to Defendant Schoor. | See email dated April 17, 2017, attached to the Affidavit of Edith Wong, Exhibit 5. |
| 30. | On May 20, 2017, Zaharis issued an email to Parmar that we "need to come up with an invoice for a reason for payment" to Schoor. | See email dated May 20, 2017 attached to the Affidavit of E. Wong, Exhibit 6. |
| 31. | On Sunday May 21, 2017, Zaharis prepared a Service and Retainer Agreement which identified Schoor as a "consultant" of the Debtor and told Parmar he "need to beef up the deliverables for the Howard Schoor Agreement". | See email dated May 21, 2017attached to the Affidavit of E. Wong, Exhibit 7. |
| 32. | Later that evening, Zaharis changed his mind and indicated he needed to re-draft the document and to ignore the previously created document. | See email dated May 21, 2017attached to the Affidavit of E. Wong, Exhibit 8. |
| 33. | The next morning on May 22, 2017, Zaharis forwarded a fully executed Consulting Agreement dated August 1, 2016, wherein Defendant Howard Schoor is identified as a consultant of the Debtor. | See email dated May 22, 2017, attached to the Affidavit of E. Wong, Exhibit 9. |
| 34. | On December 9, 2019, The Trustee issued correspondence to Defendant Schoor identifying the Transfers and seeking to have a discussion without resorting to litigation. | See correspondence dated December 9, 2019, attached to the Affidavit of J. Nolan, Exhibit A. |
| 35. | At the time Parmar executed the promissory note with Defendant in 2009, he never mentioned the Debtor. | See Deposition Testimony of Defendant Schoor, pg. 27, lines 10-17 and Promissory Note, attached to the Affidavit of J. Nolan, Exhibit B, |
| 36. | Schoor believed in 2009 the monies loaned to Parmar were to deal with an IRS lien, free | See correspondence dated August 31, 2009, attached to the Affidavit of E. Wong, Exhibit |

| Statement of Fact | | Evidentiary Support |
|---|---|---|
| | up other assets, or meet payroll and not for a business purpose. | 11. |
| 37. | Defendant cannot identify any value the Debtor received as he never had any discussion with Parmar on how he was going to use the money. | See Deposition Testimony of Defendant Schoor, pg. 107, lines 11-21, attached to the Affidavit of J. Nolan, Exhibit B. |
| 38. | Defendant stated in deposition that he was not aware of Parmar ever telling him he was having financial issues in 2011. | See Deposition Testimony of Defendant Schoor, pg. 57, lines 4-6 and Email, attached to the Affidavit of J. Nolan, Exhibit B. |
| 39. | With respect to prior repayments of the loan from Parmar, Defendant was paid by cashier's check personally from Parmar | See Deposition Testimony of Defendant Schoor, pg. 43-45, lines 1-20 and Ledger, attached to the Affidavit of J. Nolan, Exhibit B |
| 40. | After the loan was in default for eight (8) years, Defendant received two wires from a corporation and he has no recollection of being told if or why he was receiving it. | See Deposition Testimony of Defendant Schoor, pg. 87-91, lines 17-13, attached to the Affidavit of J. Nolan, Exhibit B |

Dated:   February 17, 2021            PACHULSKI STANG ZIEHL & JONES LLP

By:   */s/ Jeffrey P. Nolan*
Ilan D. Scharf, Esq.
Jeffrey P. Nolan, Esq. (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone:   (212) 561-7700
Facsimile:   (212) 561-7777

Counsel for the Plaintiff,
Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., *et al*.