**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| ORION HEALTHCORP, INC.[1] | : | |
| Debtors. | : | Case No. 18-71748 (AST) |
| | : | |
| | : | (Jointly Administered) |

---

| | : | |
|---|---|---|
| HOWARD M. EHRENBERG IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL., | : | Adv. Pro. No. 20-08042 (AST) |
| Plaintiff, | : | |
| v. | | |
| HOWARD M. SCHOOR, | | |
| Defendant. | : | |

---

[1] The Debtor as defined herein refers to the following debtor entities in these chapter 11 cases, along with the last four digits of each their federal tax identification number: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC (7168).

**BRIEF ON BEHALF OF HOWARD SCHOOR IN OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF AN AWARD OF ATTORNEY'S FEES AND EXPENSES**

**GIORDANO, HALLERAN & CIESLA**
A Professional Corporation
125 Half Mile Road, Suite 300
Red Bank, N.J. 07701-6777
(732) 741-3900

Attorneys for Defendant, Howard Schoor

DONALD F. CAMPBELL, ESQ.
AFIYFA H. ELLINGTON, ESQ.
    On the Brief

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

LEGAL ARGUMENT ............................................................................................................. 1

    POINT I

        THE LIQUIDATING TRUSTEE IS NOT ENTITLED TO ATTORNEY'S
        FEEDS UNDER THE NEW YORK DEBTOR/CREDITOR LAW. ................................. 1

    POINT II ............................................................................................................................ 2

        THE LIQUIDATING TRUSTEE IS NOT ENTITLED TO ATTORNEY'S
        FEEDS UNDER THE BANKRUPTCY CODE. ............................................................... 2

CONCLUSION ........................................................................................................................ 5

# TABLE OF AUTHORITIES

**Cases**

Ackerman v. Kovac (In re All Am. Petroleum Corp.), 259 B.R. 6 (Bankr. E.D.N.Y. 2001) ................................................................................................................... 2

Cadle Co. v. Newhouse, 20 Fed. Appx. 69 (2d Cir. 2001) ............................................. 2

Carey v. Crescenzi, 923 F.2d 18 (2d Cir. 1991) ............................................................. 2

Grand St. Realty, LLC v. McCord, No. 04-CV-4738, 2005 U.S. Dist. LEXIS 45314, at *12 (E.D.N.Y. Sept. 30, 2005) ............................................................................ 5, 6

In re Casse, 198 F.3d 327 (2d Cir. 1999) ....................................................................... 5

In re Dairy Mart Convenience Stores, Inc., 351 F.3d 86 (2d Cir. 2003) ....................... 4

In re Negosh, No. 06-CV-5617(JS), 2007 U.S. Dist. LEXIS 61842, at *26-28 (E.D.N.Y. Aug. 22, 2007) ............................................................................................ 4

In re Singh, 434 B.R. 298 (Bankr. E.D.N.Y. 2010) ........................................................ 2

In re Smart World Techs., LLC, 423 F.3d 166 (2nd Cir. 2005) ................................. 4, 5

Wiggains v. Reed *(In re Wiggains)*, Nos. 13-33757-SGJ-7 (Chapter 7), 14-03064-SGJ, 2015 Bankr. LEXIS 1121, at *84-86 (Bankr. N.D. Tex. Apr. 6, 2015) .................... 4

**Rules**

Fed.R.Civ.P. 37(c)(4) ..................................................................................................... 1

## PRELIMINARY STATEMENT

Defendant, Howard Schoor ("Defendant" or "Schoor") files this opposition to Plaintiff, Howard M. Ehrenberg, Liquidating Trustee for Orion HealthCorp., Inc. ("Liquidating Trustee")'s motion seeking an award of attorney's fees and expenses pursuant to §105(a) of the title 11 of the United States Code (the "Bankruptcy Code"), Rule 7054 of the Federal Rules of Bankruptcy Protection (the "Bankruptcy Rules") and New York Debt and Creditor Laws ("NYDCL") §276 (McKinney 1990) and Fed.R.Civ.P. 37(c)(4) in connection the adversary proceeding (the "Adversary proceeding").  This court should deny the Liquidating Trustee's motion as there is no statutory basis for the Liquidating Trustee to recover attorneys' fees in this matter because the Liquidating Trustee did not obtain a specific finding that Schoor participated in the actual fraud. Moreover, there is no showing of bad faith conduct on behalf of Schoor that would be the basis for the award of the prevailing party attorneys' fees under §105(a), §548 or another section of the Bankruptcy Code.  Thus, this court should deny this motion.

## LEGAL ARGUMENT

### POINT I

**THE LIQUIDATING TRUSTEE IS NOT ENTITLED TO ATTORNEY'S FEEDS UNDER THE NEW YORK DEBTOR/CREDITOR LAW.**

1. In order to recover attorneys' fees under DCL § 276-a, the Trustee must establish that the Defendant received the Transfer with actual intent to hinder, delay, or defraud creditors. Cadle Co. v. Newhouse, 20 Fed. Appx. 69, 74 (2d Cir. 2001); In re Singh, 434 B.R. 298, 313 (Bankr. E.D.N.Y. 2010).

2. "'Under [DCL] § 276-a, attorneys' fees may not be awarded against a defendant who is a grantee of a fraudulent conveyance, without a specific finding that he was aware of and participated in the actual fraud.'" Id. (quoting Carey v. Crescenzi, 923 F.2d 18, 20 (2d Cir. 1991));

Ackerman v. Kovac (In re All Am. Petroleum Corp.), 259 B.R. 6, 19 (Bankr. E.D.N.Y. 2001) ("[A]ward of attorney[s'] fees in a fraudulent conveyance action is not appropriate in the absence of a showing of actual intent on the part of the defendant."). "'[A]t the very least, before charging [the transferees] personally with attorney[s'] fees, there should be a finding of their actual knowledge of the circumstances that render these conveyances fraudulent.'" Id. (quoting Carey v. Crescenzi, 923 F.2d at 20).

3.  Here, the Judge did not make a specific finding that Schoor was aware of and participated in the actual fraud. The finding that Schoor did not perceive that Parmar had financial problems, received transfers in the form of wires, received repayment of loans from Parmar in cashier's check or met with Parmar two weeks prior to the transfer and could not explain why he received transfers from an unknown corporation does not arise to the finding that Schoor was aware of and participated in actual fraud.

4.  Specifically, the Judge made findings concerning Parmar's intent was fraudulent in nature but no specific finding as to Schoor. (See, Affidavit of Nolan, Exhibit A, pp. 33, lines 19-24; p. 36, lines 10-13; p. 36, line 22 to p. 37, line 1, p. 37-40).

5.  Thus, the Liquidating trustee cannot sustain a claim for attorney fess under DCL §276-a.

## POINT II

### THE LIQUIDATING TRUSTEE IS NOT ENTITLED TO ATTORNEY'S FEEDS UNDER THE BANKRUPTCY CODE.

1.  Courts in the United States follow the "American Rule"—a prevailing party is not entitled to collect a reasonable attorneys' fee from the losing party unless provided for by agreement or statute. Although a general exception to this rule exists that affords a court "equitable power ... to make awards in addition to regular statutory costs...," exercise of this power is most

often "limited to cases of bad faith, vexation, wantonness, or oppression relating to the filing or maintenance of the action ...." Wiggains v. Reed *(In re* Wiggains*)*, Nos. 13-33757-SGJ-7 (Chapter 7), 14-03064-SGJ, 2015 Bankr. LEXIS 1121, at *84-86 (Bankr. N.D. Tex. Apr. 6, 2015).

2. Courts have found that in order to join he inherent equitable power with the authority granted to the bankruptcy courts under section 105(a) to "issue any order, process, or judgment that is necessary to carry out the provisions of ..." the Bankruptcy Code, the bad faith alleged to warrant an award of attorney fees as sanctions should relate to the proceedings and not to the underlying facts that lead to the claims before the court. Id.

3. Furthermore, while Section 105 does not specifically mention sanctions or awarding attorneys' fees, the Second Circuit has held that Section 105(a) empowers courts to "exercise equity in carrying out the provisions of the bankruptcy code." In re Smart World Techs., LLC, 423 F. 3d 166, 184 (2nd Cir. 2005); In re Negosh, No. 06-CV-5617(JS), 2007 U.S. Dist. LEXIS 61842, at *26-28 (E.D.N.Y. Aug. 22, 2007).

4. This equitable power respectfully does not, however, provide an independent basis for a court to act. See*,* e.g.*,* id. (holding that "Section 105(a) does not provide an independent basis upon which to grant appellee's standing"); In re Dairy Mart Convenience Stores, Inc., 351 F.3d 86, 92 (2d Cir. 2003) (holding that "[b]ecause no provision of the Bankruptcy Code may be successfully invoked in this case, Section 105(a) affords . . . no independent relief").

5. Rather, the language of Section 105(a) "suggests that an exercise of Section 105(a) power be tied to another Bankruptcy Code or section and not merely to a general bankruptcy concept or objective." Smart World, 423 F.3d at 183. So while the extent of Section 105(a)'s equitable reach is disputed, it is agreed that it is "plainly limited by the provisions of the [Bankruptcy] Code." *Id.*

6.  The Second Circuit has also recognized the ability of bankruptcy courts and district courts to "derive from §105(a) . . . the power to sanction bad-faith serial filers." In re Casse, 198 F.3d 327, 337 (2d Cir. 1999).

7.  Furthermore, courts in this circuit and others have held that Section 105(a) confers the right to award attorneys' fees and costs when tied to, and in furtherance of, specific provisions of the Bankruptcy Code. See, e.g., Grand St. Realty, LLC v. McCord, No. 04-CV-4738, 2005 U.S. Dist. LEXIS 45314, at *12 (E.D.N.Y. Sept. 30, 2005) (discussing that various circuits have authorized bankruptcy courts to sanction pursuant to Section 105(a)).

8.  In imposing sanctions pursuant to Section 105(a), courts have required a showing of bad faith similar to that required in imposing sanctions under the court's inherent power or the third exception to the American Rule. *See id.* 2005 U.S. Dist. LEXIS 45314 at *13-16.

9.  Here, the Liquidating Trustee improperly seeks for this court to issue sanctions because Schoor decided to conduct discovery, file pleadings and ultimately have his day in court. The fundamentals of the judicial system.  Clearly, the Liquidating Trustee does not alleged that Schoor did anything procedurally to warrant the extraordinary relief of sanctions and the deviation of the American rule for each party to pay their own fees.  Here, Schoor paid substantial monies defending the fraudulent transfer claims alleged against him.  The Court's ultimate grant of summary judgment, mainly based on the procedural dismissal of a certification of Schoor as hearsay evidence and the intent of Parmar in this matter should not rise to the level to deviate from the American rule and the imposition of unnecessary sanctions against Schoor.  Moreover, there has been not finding that Schoor acted in bad faith.  Moreover, the hourly rate of the Liquidating Trustee is unreasonable, with a charge of $825 per hour in 2020 and $925 per hour in 2021.  There rates are unreasonable especially when compared to rates in the New York Tri-State area.

Moreover, the expenses is unreasonable with the Liquidating Trustee seeking legal research costs and an outrageous amount of costs for a transcript that took less than $800 to transcribe. The suggested result by the Liquidating Trustee would be unnecessarily punitive in nature and should be denied.

## **CONCLUSION**

Based on the foregoing, the Liquidating Trustee's motion for an award of attorney's fees and expenses should be denied by the court.

                                            GIORDANO, HALLERAN & CIESLA
                                            A Professional Corporation
                                            Attorneys for Defendant, Howard Schoor

                                            By: */s/ Donald F. Campbell, Jr*
                                                 DONALD F. CAMPBELL, ESQ.

Dated: July 7, 2021

Docs #5191732-v1